IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| CYGNUS OIL AND GAS CORPORATION; § | CASE NO: 07-32417 |
| fka COFFEE EXCHANGE INC; fka § | |
| TOUCHSTONE RESOURCES USA, INC § | |
| Debtor(s) § | |
| § | CHAPTER 11 |

### MEMORANDUM OPINION

On April 3, 2007, Cygnus Oil and Gas Corporation ("Cygnus") filed a chapter 11 bankruptcy petition. Cygnus filed an expedited application to approve the retention of Bracewell and Giuliani, L.L.P. ("Bracewell") as its counsel. The United States trustee objected arguing that Bracewell was not a "disinterested person" as required by the Bankruptcy Code to represent Cygnus. The trustee based his objection on the following: (1) Mr. Ralph D. McBride ("McBride"), a litigation partner at Bracewell, holds 100,000 shares of stock in Cygnus; (2) McBride served as a director of Cygnus from July 14, 2006 through December 7, 2006; and (3) as of the date of the bankruptcy filing, Bracewell held a $77,147.13 unpaid claim against Cygnus.

A hearing was held on April 27, 2007. The Court made preliminary findings on the record and granted the motion to retain. The Court's findings of fact and conclusions of law are supplemented as set forth herein. To the extent of any conflict, this memorandum opinion controls.

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

1

*McBride's Interest in Cygnus*

A debtor's ability to retain counsel is governed by §§ 101(14) and 327 of the Bankruptcy Code. Section 327 provides, in part, that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . ." 11 U.S.C. § 327(a).[1] Disinterested person is defined under § 101(14) as a person that:

A. is not a creditor, an equity security holder, or an insider;

B. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

C. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). At the hearing, the trustee argued that McBride's involvement with Cygnus should be imputed to Bracewell thereby rendering Bracewell a non-disinterested person.[2] This issue—whether a single member's lack of disinterestedness under § 101(14) is imputed to the member's firm—has not yet been addressed by the Fifth Circuit.

*Imputation of McBride's Interest to the Firm*

The Delaware Bankruptcy Court confronted this issue and found that, as a general rule, one member's disinterestedness affects the entire firm's disinterestedness "such that the firm must be disqualified under section 327(a) of the Code." *In re Essential Therapeutics, Inc.*, 295

---

[1] A debtor in possession, such as Cygnus, is authorized under 11 U.S.C. § 1107(a) to exercise the same statutory rights and powers as that of a trustee. 11 U.S.C. § 1107(a). This includes the right to retain counsel under § 327. *E.g. Lamie v. U.S. Trustee*, 540 U.S. 526, 532 (2004).

[2] There was testimony at the hearing as to the extent of McBride's involvement with Cygnus. The Court, however, finds such testimony unnecessary. If the trustee is correct, and under § 101(14), McBride's activities should be imputed to the firm, there should be no further determination of the extent of the interest McBride has or has had in Cygnus. There is no de minimis rule for imputation.

B.R. 203, 211 (Bankr. D. Del. 2003). The Bankruptcy Court expressed concerns that under the "current climate of distrust of officers and directors," the officers of debtors may be subjected to interrogation based on their role in debtors thereby rendering it "impossible" for a firm in which an officer was a member to "adequately represent the Debtors' interests. . ." *Id.* at 210-11. Because a law firm can only act through the association of individuals who make up the firm, the Court found that "the disqualification of one must be attributed to all." *Id.* at 210 (citing *In re Michigan Interstate Ry. Co., Inc.*, 32 B.R. 327, 330 (Bankr. Mich. 1983)). Adopting a per se rule, the Court found that if it did not apply a general rule of imputing disqualification to firms, courts would be faced with a "herculean task" to "interrogate all the [firm's] members . . . to ascertain whether the actions of the attorney who served as an officer of the debtor would impair their ability to act on behalf of the debtor and the estate in an impartial manner." *Id.* (citing *In re Vebeliunas*, 231 B.R. 181, 196 (Bankr. S.D.N.Y. 1999) (disqualifying entire firm where the trustee's counsel was disqualified for demonstrating bias as to the debtor)).

This per se rule, however, has not been applied by other circuits. The Ninth Circuit Bankruptcy Appellate Panel in *In re S.S. Retail Stores Corp.*, 211 B.R. 699, 704 (B.A.P. 9th Cir. 1997) rejected the trustee's argument that based on the California Rules of Professional Conduct disqualification of one attorney should be attributed to the entire firm, and found that the Bankruptcy Code simply "does not provide for disqualification of an entire law firm based on the non-disinterestedness of one of its attorneys." *Id*. In reviewing § 101(14), the B.A.P. found that there is no indication in the legislative history justifying "anything but a plain reading of sections 327(a) and 101(14)." *Id.* (quoting *In re Creative Rest. Mgmt*, 139 B.R. 902, 913 (Bankr. W.D. Mo. 1992)). Under a plain reading of the statute, the B.A.P. found that

"[n]o vicarious disqualification is provided for in the applicable section of the Bankruptcy Code, despite the legislative opportunity to include the disqualification." *Id.* at 703 (citing *In re Creative Rest. Mgmt.*, 139 B.R. at 913). Courts in the Ninth Circuit continue to follow the direction of the B.A.P. rejecting a reading of § 101(14) which would call for per se imputation of non-disinterestedness to a member's firm based on one member's actions. *E.g. In re Keravision, Inc.*, 273 B.R. 614, 619 (N.D. Cal. 2002) (finding that law firm was not "per se disqualified from representing the debtor simply because one of its partners [was] an officer of the debtor . . .").

Courts in other circuits have similarly rejected a per se rule finding that there is no express language in the Bankruptcy Code requiring a firm to be disqualified on the basis of a single non-disinterested member. *E.g. In re Timber Creek, Inc.*, 187 B.R. 240, 244 (Bankr. W.D. Tenn. 1995) (the disqualification of a partner in the law firm "for lack of disinterestedness under sections 327(a) and 101(14) does not necessarily or *ipso facto* result in the per se vicarious disqualification of the entire [firm]."); *Capen Wholesale, Inc. v. Michael (In re Capen Wholesale, Inc.)*, 184 B.R. 547 (N.D. Ill 1995) (one member's disinterestedness is not imputed to the entire firm). The Court in *Timber Creek* pointed to the Bankruptcy Rules which do include vicarious disqualification[3] and found that other requirements of vicarious disqualification are "noticeable absent elsewhere in the Bankruptcy Code or Rules." *In re Timber Creek, Inc.*, 187 B.R. at 243 (citing *In re Creative Rest. Mgmt.*, 139 B.R. at 913); *See BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537 (1993) ("Congress acts intentionally and

---

[3] The Court referenced Rule 5002(a) which prohibits appointment of relatives of bankruptcy judges or local United States Trustees. FED. R. BANKR. P. 5002(a); *In re Timber Creek, Inc.*, 187 B.R. at 243 (citing *In re Creative Rest. Mgmt.*, 139 B.R. 902 at 913).

purposely when it includes particular language in one section of a statute but omits it in another....").

In this proceeding, the trustee argued, similar to the trustee in *Essential Therapeutics,* that a per se rule is necessary because law firms work through an association of individual connections and generally do not act in their capacities as equity security holders or directors—individuals act in these capacities. Because individuals guide firms, the trustee asserts the status of such individuals must be imputed to the entire firm. This Court disagrees.

Rules of statutory interpretation direct the Court to "presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). On examination of § 101(14), this Court, in accordance with the majority of circuits addressing this issue, finds that no per se rule of disqualification exists under the Bankruptcy Code. "Person" is defined in § 101(41) as including an "individual, partnership, and corporation." 11 U.S.C. § 101(41). The Code is unambiguous. Section 101(14) by its plain language applies to any "person." "Person" specifically refers to Bracewell. McBride is the equity holder and was the Cygnus director—not Bracewell. Had Congress intended to impute a single member's disqualification to her entire firm, it would have done so. *See In re Timber Creek, Inc.*, 187 B.R. at 243 (citing *In re Creative Rest. Mgmt.*, 139 B.R. 902 at 913); *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537 (1993). Accordingly, the Court finds that based on a plain reading of the statute, Bracewell is not disqualified by §§ 101(14)(A) or (B).

This Court also notes it respectfully disagrees with Judge Walrath's finding in *Essential Therapeutics* that it would be a "herculean task" to determine "whether the actions of the attorney who served as an officer of the debtor would impair [other firm member's] ability to

act on behalf of the debtor and the estate in an impartial manner." *In re Essential Therapeutics, Inc.*, 295 B.R. at 210 (citing *In re Vebeliunas*, 231 B.R. at 196. The threat of such a task supported the Delaware Court's application of a per se rule of imputation. *Id.* As set forth below, however, such an inquiry is proper and required under § 101(14)(C).

In this case, the Court set the matter for hearing and allowed the United States trustee, Cygnus and other interested parties to introduce evidence as to Bracewell's disinterestedness, or lack thereof. The hearing was short, and there was no evidence showing any absence of disinterestedness.

*11 U.S.C. § 101(14)(C)*

Once a firm establishes that it is neither a creditor, equity security holder or insider nor has been a director, officer, or employee, within the last two years, of the debtor, the Court must evaluate the firm's interest in the debtor under § 101(14)(C). Section 101(14)(C) provides for a finding of non-disinterestedness if a person has "an interest materially adverse to the interest of the estate . . . by reason of direct or *indirect* relationship to . . . the debtor." 11 U.S.C. § 101(14)(C) (emphasis added). In this proceeding, an indirect relationship exists between Cygnus and Bracewell through McBride's interest in Cygnus. It is in this section, through an indirect relationship, that Congress provided for a finding of non-disinterestedness of an entire firm based on one member's involvement with a debtor.

Bracewell fully disclosed McBride's interest in Cygnus in its affidavit supporting the application to employ. Bracewell asserted that McBride no longer maintains a role with Cygnus and will have "no role whatsoever in the representation of the Debtors in this chapter 11 case." Brief at ¶ 10. At the hearing, Bracewell claimed that McBride had been "walled off" from the "reorganization team" and that McBride's security holdings in Cygnus equaled .3% of

the outstanding shares. Bracewell also pointed out that this is a liquidation case therefore shareholders expect to receive no money upon liquidation and that McBride has agreed not to vote his shares.

The trustee's argument was based on a belief that per se imputation is required under § 101(14). The Court has examined this issue and determined per se imputation under § 101(14) does not exist. In this proceeding, the standard for disqualifying Bracewell is whether by an indirect interest, the firm has an interest "materially adverse" to Cygnus.

There was no evidence presented that McBride's involvement with Cygnus will cause or has caused Bracewell to have a materially adverse interest. The trustee's argument was based purely on a per se imputation rule. Accordingly, the Court finds that there is no evidence that Bracewell has a direct or indirect interest materially adverse to Cygnus. Bracewell is a "disinterested person" under § 101(14).

*Bracewell's Claim Against Cygnus*

The $77,147.13 claim that Bracewell holds against Cygnus is, in part, for pre-petition counsel related to Cygnus' bankruptcy case. The Court finds this claim does not disqualify Bracewell from serving as counsel. Bracewell has waived any pre-petition claim it may have and asserts that any recovery it seeks will be only as an administrative expense under § 330.[4] Further, Bracewell states that "to the extent the Court does not approve such fees as an allowable administrative expense, Bracewell will not seek allowance and payment of such fees as an unsecured claim." Brief at ¶ 27.

---

[4] The Court will consider Bracewell's request for administrative expenses when an expense application is presented to the Court.

7

Section 101(14)(A) defines a non-disinterested person as a person who is a "creditor." Section 101(10) defines a creditor as an "entity that has a claim. . ." 11 U.S.C. § 101(10). Claim, in relevant part, is defined as a "right to payment . . . liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). The Court finds that Bracewell has waived its "right to payment" so that it is a disinterested person under § 101(14)(A). Cygnus may retain Bracewell as counsel.

Signed at Houston, Texas, on May 29, 2007.

MARVIN ISGUR
United States Bankruptcy Judge